UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue<br>Washington, DC  20530<br>(202) 514-6255<br><br>     Plaintiff,<br><br>    v.<br><br>Richard Retta,<br>48 Orchard Way N<br>Potomac, MD  20854-6128<br><br>     Defendant. | Civil Action No. |

## COMPLAINT

The United States of America, by the undersigned attorneys, asserts a civil cause of action under the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), as follows:

1. In bringing this action, the United States has reasonable cause to believe (1) Defendant, Richard Retta, has committed, and is likely to continue to commit, violations of FACE; and (2) various persons are being, have been, and will continue to be intimidated and/or interfered with by the Defendant's conduct.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction over this action pursuant to FACE, 18 U.S.C. § 248(c)(2), and 28 U.S.C. § 1345.

3. The United States has standing to bring this action pursuant to FACE, 18 U.S.C. § 248(c)(2).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) in that all the events giving rise to this complaint occurred in this judicial district.

## DEFENDANT

5. Defendant, Richard Retta, is a regular anti-abortion protestor at the Planned Parenthood of Metropolitan Washington ("Clinic"), located at 1108 16th Street, NW in Washington, D.C., 20036.

6. On information and belief, Defendant resides in Rockville, Maryland.

## FACTUAL BACKGROUND

7. The Planned Parenthood of Metropolitan Washington provides reproductive healthcare services.

8. For over ten years, Defendant Richard Retta has regularly engaged in anti-abortion protest activity at the Planned Parenthood of Metropolitan Washington.

9. Defendant Retta has been among the most vocal and aggressive anti-abortion protestors outside of the Clinic.

10. Defendant Retta frequently walks very closely beside patients as they walk to the Clinic.

11. When volunteer patient escorts accompany patients towards the Clinic entrance, Defendant also typically walks in front of the escorts so that the escorts must change course and walk around Defendant in order to keep walking beside the patient.

12. Defendant frequently follows patients to the Clinic entrance and continues to yell at the patient as the door closes.

13. On one occasion, Defendant walked so closely to a patient that he stepped on the patient's shoe and broke the shoe strap.

14. Defendant frequently follows patients and/or their companions as they leave the Clinic and walk down the block.

15. Defendant frequently follows patients or their companions into the street and oncoming traffic.

16. On January 8, 2011, Mr. Retta physically obstructed a patient from entering the Clinic, and physically obstructed Clinic escorts, such that the patient was only able to ultimately access the Clinic with the extraordinary assistance and intervention of another Clinic escort and staff.

17. At approximately 11:20 a.m., Defendant began talking to a patient as she stood in front of the Clinic gate.

18. After the patient became visibly upset, a volunteer escort offered to walk the patient to the Clinic so that the patient would not have to talk to Defendant.

19. As two volunteer escorts began walking the patient through the gate and along the narrow walkway to the Clinic entrance, Defendant walked alongside the patient and yelled at the escorts that they should not be escorting the patient into the Clinic. He followed alongside them

for approximately 35 feet, nearly the entire length of the walkway from the sidewalk to the door of the Clinic.

20. About six feet in front of the Clinic entrance, Defendant walked in front of the patient and positioned himself so that he stood directly in front of the patient and escorts with his back towards the Clinic entrance.

21. The escorts repeatedly asked Defendant to move out of the patient's way so that she could enter the Clinic, and otherwise attempted to guide the patient into the Clinic.

22. Defendant shouted at the escorts and yelled to the patient, "Don't go in there. Don't let them kill your baby."

23. Each time the patient attempted to walk around Defendant so that she could enter the Clinic, Defendant shifted his position, weaving to step in front of the patient so that he blocked her access to the Clinic.

24. Defendant's actions likewise prevented Clinic escorts from taking the patient up to the door of the Clinic.

25. The patient was only able to enter the Clinic, and the escorts were only able to facilitate her ingress, with assistance from third parties when another escort physically planted himself next to Defendant, preventing Defendant from continuing to block the patient. Additionally, the security officer who sits at the front desk inside the Clinic exited the Clinic in order to quickly guide the patient into the Clinic.

26. The patient's ultimate access to the Clinic, and the escorts' ability to facilitate the patient's entrance into the Clinic, were rendered unreasonably difficult and hazardous as a result of the obstruction.

27. Defendant attempted to, and did, by physical obstruction, intentionally intimidate or interfere with persons because they were or had been providing or obtaining reproductive health services, or in order to intimidate such persons from providing or obtaining reproductive health services at the Planned Parenthood of Metropolitan Washington.

## CAUSE OF ACTION UNDER 18 U.S.C. § 248

28. The United States incorporates herein the averments of paragraphs 1 through 27.

29. Defendant's conduct as described in paragraphs 16 through 27 constitutes a physical obstruction that intentionally intimidated or interfered with persons, or constituted an attempt to intimidate and/or interfere with such persons, because they were or had been providing reproductive health services, or in order to intimidate such persons from providing reproductive health services at the Planned Parenthood of Metropolitan Washington.

30. Defendant's conduct as described in paragraphs 16 through 27 constitutes a physical obstruction that intentionally intimidated or interfered with persons, or constituted an attempt to intimidate and/or interfere with such persons, because they were or had been obtaining reproductive health services, or in order to intimidate such persons from obtaining reproductive health services at the Planned Parenthood of Metropolitan Washington.

31. On information and belief, unless Defendant is restrained by this Court, Defendant will continue to engage in the illegal conduct averred herein.

32. On information and belief, unless Defendant is restrained by this Court, persons seeking and/or providing reproductive health services will continue to be intimidated and/or interfered with by Defendant's actions.

## **PRAYER FOR RELIEF**

33.  The United States is authorized under 18 U.S.C § 248(c)(2)(B) to seek and obtain temporary, preliminary, and/or permanent injunctive relief from this Court for Defendant's violation of FACE.

34.  The United States is authorized under 18 U.S.C. § 248(c)(2)(B) to seek and obtain statutory compensatory damages on behalf of person aggrieved by Defendant's actions in violation of FACE.

35.  The United States is further authorized under 18 U.S.C. § 248(c)(2)(B)(i) to assess a civil penalty against a respondent no greater than $10,000 for a first violation for a nonviolent physical obstruction.

WHEREFORE, the United States respectfully requests judgment in its favor and against Defendant, Richard Retta, in the form of:

   A. An Order permanently prohibiting Defendant, Richard Retta, and his representatives, agents, employees, and any others acting in concert or participation with him, from coming inside the Clinic gate;

   B. An Order permanently prohibiting Defendant, Richard Retta, and his representatives, agents, employees, and any others acting in concert or participation with him, from coming within 20 feet of the entrance of the Clinic gate;

   C. An Order permanently prohibiting Defendant, Richard Retta, and his representatives, agents, employees, and any others acting in concert or participation with him, from physically obstructing Clinic escorts, other Clinic staff, or patients seeking to obtain or provide reproductive health services or

   who had been obtaining or providing reproductive health services at the Clinic;

D. An Order permanently prohibiting Defendant, Richard Retta, and his representatives, agents, employees, and any others acting in concert or participation with him, from violating the Freedom of Access to Clinic Entrances Act;

E. Statutory compensatory damages of $5,000 to the three victims of Defendant Richard Retta's activities in violation of FACE;

F. A civil penalty assessment in the amount of $10,000; and

G. An Order permitting the local police to enforce the permanent injunction against Defendant Richard Retta.

Respectfully Submitted,

RONALD C. MACHEN, JR.    THOMAS E. PEREZ
D.C. BAR # 447889    Assistant Attorney General
United States Attorney for the    Civil Rights Division
District of Columbia

JONATHAN SMITH
Chief
Special Litigation Section

JULIE K. ABBATE
Deputy Chief
Special Litigation Section

/s/ Aaron B. Zisser

AARON B. ZISSER
MICHELLE L. LEUNG

Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530
(202) 305-3355
(202) 514-6903 (fax)
aaron.zisser@usdoj.gov