IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD RETTA, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:11-cv-1280-JEB |

## [PROPOSED] ORDER APPROVING CONSENT JUDGMENT

AND NOW, this ___ day of _____, 2013, upon consideration of the United States' Complaint and the Consent Judgment between Plaintiff, the United States of America, and Defendant, Richard A. Retta, it is hereby ORDERED that the attached Consent Judgment shall be adopted as an Order of the Court.

BY THE COURT:

_____
Hon. James E. Boasberg
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>     )<br>          Plaintiff,     )<br>     )<br>     v.     )<br>     )<br>RICHARD RETTA,     )<br>     )<br>          Defendant.     )<br>_____ ) | Civil Action No. 1:11-cv-1280-JEB |

## CONSENT JUDGMENT

Plaintiff, the United States of America, and Defendant, Richard A. Retta (together, "the parties"), hereby stipulate and consent to the following with regard to Planned Parenthood of Metropolitan Washington located at 1108 16th Street, NW, Washington, D.C. ("Clinic"):

1.     Defendant, Richard A. Retta, is **PERMANENTLY ENJOINED** from violating, or directing or instructing others to violate, the Freedom of Access to Clinic Entrances Act ("FACE");

2.     Defendant, Richard Retta, is **PERMANENTLY ENJOINED** from coming inside the Clinic gate, which abuts the sidewalk running north and south along 16th Street, marked by the dotted rectangle in Exhibit 1;

3.     Defendant, Richard A. Retta, is **PERMANENTLY ENJOINED** from coming within the boundary directly outside the Clinic gate marked by a solid rectangle on Exhibits 1 and 2 indicating a rectangular "buffer zone" approximately 18 feet and 7 1/4 inches from north to south (extending from the first fence post footing south of the fence opening ("gate") to the first

fence post footing north of the gate), by approximately 6 feet from east to west (2 concrete tiles east of the fence, but not including the concrete tiles adjacent to the curb abutting 16th Street). The concrete tiles adjacent to the curb abutting 16th Street are outside the buffer zone, and Mr. Retta is free to walk north and south, stop, stand, and engage in other legal behavior on those tiles.  Should any physical obstruction block any portion of the concrete tiles adjacent to the curb abutting 16th Street, Mr. Retta is permitted to cross into the buffer zone temporarily to pass the obstruction;

4. The terms of paragraph 3 of this Consent Judgment only apply during the hours of operation, as indicated on the website of the Clinic, and two hours before and after the hours of operation of the Clinic;

5. This Consent Judgment does not restrict any of the rights of the Defendant, Richard A. Retta, including his First Amendment rights, outside the gated area described in paragraph 2 and outside the buffer zone described in paragraph 3 of this Consent Judgment.  Nor does this Consent Judgment restrict any rights of the Defendant, Richard A. Retta, including his First Amendment rights, inside the buffer zone described in paragraph 3 when, as described in paragraph 4 of this Consent Judgment, the terms of paragraph 3 do not apply;

6. Plaintiff, the United States of America, agrees not to file any civil action under FACE against Defendant, Richard A. Retta, for any conduct that occurred outside the Clinic prior to the date that this agreement is signed by the parties; and Plaintiff, the United States of America, agrees not to file any criminal action against Defendant, Richard A. Retta, under FACE for any conduct that was formally disclosed in any way in this case and that occurred prior to the date that this agreement is signed by the parties;

7. Nothing in this Consent Judgment restricts Defendant, Richard A. Retta, from filing a motion for relief of judgment under Federal Rule of Civil Procedure 60; and

8. This Consent Judgment reflects a compromise on the disputed claims alleged in the above-captioned case and is a full resolution of those claims. No party admits liability to the other party, and the parties agree to bear their own attorneys' fees, costs, and expenses in this action. Only the Plaintiff, the United States of America, and Defendant, Richard A. Retta, are bound by the terms of this Consent Judgment.

Dated: Jan 14, 2013

RICHARD A. RETTA
*Defendant*

EDWARD L. WHITE III (adm. phv) Jan. 10, 2013
*Counsel for Defendant*
American Center for Law & Justice
5068 Plymouth Road
Ann Arbor, Michigan 48105
(734) 662-2984
(734) 302-1758 (fax)
ewhite@aclj.org

Colby M. May
D.C. Bar No. 394340
*Counsel for Defendant*
American Center for Law & Justice
201 Maryland Avenue, N.E.
Washington, D.C. 20002
(202) 546-8890
(202) 202-546-9309 (fax)
cmmay@aclj-dc.org

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief
Special Litigation Section

JULIE K. ABBATE
Deputy Chief
Special Litigation Section

AARON B. ZISSER
MICHELLE L. LEUNG
*Counsel for Plaintiff*
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 305-3355
(202) 514-4883 (fax)
Aaron.Zisser@usdoj.gov
Michelle.Leung@usdoj.gov

# EXHIBIT 1



# EXHIBIT 2

